**NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 9/1/2014

```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE


*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
                                               *
UNITED STATES OF AMERICA                       *
                                               *   14-mj-91-01-DL
                v.                             *   April 21, 2014
                                               *   3:20 p.m.
SHAYNE PARKER                                  *
                                               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *




                    TRANSCRIPT OF BAIL HEARING
             BEFORE THE HONORABLE JOSEPH N. LAPLANTE
```

Appearances:

For the Government:   Debra M. Walsh, AUSA
                      U.S. Attorney's Office
                      53 Pleasant Street
                      Concord, NH 03301

For the Defendant:    Donald A. Kennedy, Esq.
                      Law Office of Donald A. Kennedy
                      78 West Merrimack Street
                      Manchester, NH  03101

Probation Officer:    Karin Kinnan

```
 1                        BEFORE THE COURT
 2              THE CLERK:  Court has before it for
 3   consideration a bail hearing in the matter of United
 4   States of America versus Shayne Parker, Case No.
 5   14-mj-91-01-DL.
 6              THE COURT:  We're here for a continued
 7   detention and probable cause hearing, although probable
 8   cause is waived pursuant to this proceeding, to
 9   determine detention or release for Mr. Shayne Parker.
10   Appearing for the prosecution is Assistant United States
11   Attorney Deb Walsh.  Appearing for the defendant is
12   Donald Kennedy, Esquire.  And what I've got in front of
13   me looks like the result of an agreement between the
14   parties agreeing to terms of release for Mr. Parker.
15   The question is for the Court to approve.  There are a
16   number of conditions.  Good number of conditions.  The
17   most important one of which is what appears to be a
18   third-party custodianship by Ms. Laurie Connor, and
19   according to this, the court order I'm being asked to
20   sign, Mr. Parker will live with Ms. Connor at her home
21   in Dorchester with a ten p.m. curfew.  Is that right?
22              (Inaudible.)
23              All right.  If he got a job, I'm sure the
24   probation officer will make that modification, but I
25   think getting a job would be a good idea, something
```

1  steadier than his new job.  If his new job is steady,

2  that's fine, too.  If he's going to be out on release,

3  he's got to work.  If he's not working within a week or

4  so, I want to know.  All right?

5          Question, Mr. Kennedy, what is the

6  relationship between the defendant and Laurie Connor?

7          MR. KENNEDY:  My understanding is he's the

8  father of two of her children.

9          MS. CONNOR:  Yes.

10          THE COURT:  All right.  So you know each other

11  very well.

12          MS. CONNOR:  Yes.

13          THE COURT:  All right.  How old are those two

14  kids?

15          MR. KENNEDY:  13 and 7.

16          THE COURT:  Mr. Parker, do you see much of

17  these two kids?  Do you see them all the time?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Frequently?  Okay.  In other

20  words, I'm not going to be causing any trauma to these

21  kids by having him living there?  That would be fine?

22          All right.  Here's the conditions of release.

23  You can be seated, Mr. Parker.

24          You shall not commit any offense in violation

25  of federal, state, or local law.  These are the

4

```
 1   conditions of your release.

 2             You shall cooperate in the collection of a DNA

 3   sample by U.S. Probation.

 4             You shall immediately advise the Court,

 5   defense counsel, and the U.S. Attorney in writing before

 6   any change in address or telephone number.

 7             You shall appear at all proceedings as

 8   required and surrender for service of any sentence

 9   imposed as directed.

10             You are placed in the custody of Laurie Connor

11   at 66 Manor Street in Dorchester, Massachusetts, who has

12   agreed to supervise you in accordance with all of the

13   conditions of release, to use every effort to ensure

14   your appearance in court, and to notify the Court

15   immediately in the event you violate any conditions.

16             You shall report on a regular basis as

17   directed to your probation officer.

18             You shall maintain and actively seek

19   employment.  And I mean that.  You've got to be working.

20   There's no reason for you to be out if you're not

21   working.  You're facing weapons charges.  None

22   whatsoever.  This is a risk we're taking and I want the

23   risk to be as small and as minimized as possible.

24             You are to refrain from possessing a firearm,

25   destructive device, or any dangerous weapon.  Do you
```

```
 1    have any firearms?  If you come into possession of any

 2    or realize that you have possession of any you must

 3    surrender them to the clerk of the U.S. District Court

 4    here.

 5              You must surrender your passport to the clerk

 6    of court here.  Do you have a passport?  You may not

 7    obtain a passport.

 8              You must submit to any method of testing

 9    required by U.S. Probation for determining whether you

10    are using a prohibited substance.  Such methods may be

11    used with random frequency include urine testing,

12    wearing of a sweat patch, alcohol testing, and any form

13    of prohibited substance screening or testing.

14              You are to refrain from obstructing or

15    attempting to obstruct, tamper in any fashion with the

16    efficiency and accuracy of any prohibited substance,

17    testing or electronic monitoring, which are required.

18    In other words, don't be monkeying around with your

19    urine, don't be trying to eat certain things to mask any

20    kind of relapse or drug use you may have.  If you have a

21    slip-up, just report it to your probation officer.

22    Don't try to hide it because it's just going to make it

23    worse.

24              You're to meaningfully participate in and

25    complete a program of inpatient or outpatient substance
```

6

1    abuse therapy if deemed advisable by U.S. Probation.

2            Your travel is restricted to New Hampshire and

3    Massachusetts.  If you go outside those three states,

4    you have to get permission from your probation officer.

5            You are to avoid all contact, direct or

6    indirect, with any persons who are or may become a

7    victim or potential witness in the subject investigation

8    or prosection, including but not limited to Ronald

9    Scott, Mitch Riddell, Sandra Egbert, Melanie Lamott, and

10   Richard Allan Burke.  No contact with any of them.

11           You are to refrain from the excessive use of

12   alcohol.

13           Your curfew is that you are restricted to your

14   residence at Ms. Connor's house every day from ten p.m.

15   to six a.m.  Can you live with that, ten to six?  Okay.

16   It can be changed as directed by U.S. Probation.

17           You are to refrain from the use of unlawful

18   possession of any narcotic drug or any other controlled

19   substance as defined at 21 U.S. Code, Section 802,

20   unless prescribed by a licensed medical practitioner.

21           Those are the conditions of your release.  Do

22   you understand?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Now, Ms. Connor, I just want you

25   to understand, I don't know if you've ever been in this

```
 1   situation before.  You haven't, okay.  This probably

 2   seems strange, a little bit different.  I was told you

 3   weren't aware he was going to have to live with you.

 4   Here's the situation though.  He's been charged in

 5   federal court with weapons violations, things we take

 6   very seriously.  But I'm convinced that he's probably

 7   not a risk to be on the street if he is supervised.  The

 8   probation officer can't supervise him all the time.  I'm

 9   not asking you to baby-sit him.  I'm just asking that

10   you be trustworthy and that at night he's at your house

11   from ten to six.  Now, before you get into this because

12   I won't sign this unless you really are comfortable with

13   this because if you're not I don't want to put you in

14   that position.  Here's the thing.  If he shows up drunk,

15   if he shows up drugging, if he does anything around your

16   house that's inappropriate, if he violates any of those

17   rules that I have just laid out, we are expecting you to

18   let us know, and that's not going to be easy.  This is a

19   man you know very well and you're probably not going to

20   be comfortable reporting him.  Nonetheless, under this

21   order, if he violates, you are obligated to report him.

22   Do you understand that?

23           MS. CONNOR:  Yes.

24           THE COURT:  Can you live with that?

25           MS. CONNOR:  Yes.
```

```
 1              THE COURT:  All right.  I don't doubt you.  I

 2   just want you to have your eyes open.  Do you

 3   understand?

 4              MS. KINNAN:  Your Honor?

 5              THE COURT:  Yes.

 6              MS. KINNAN:  I believe there was one more

 7   condition -- (inaudible).

 8              THE COURT:  I will check it out.  (Pause.)

 9   You are also to report as soon as possible to the

10   supervising officer any contact with law enforcement

11   personnel including but not limited to any arrest,

12   questioning, or traffic stop.  If you have some kind of

13   contact with law enforcement, you need to let your

14   probation officer know.  Do you understand?  They find

15   out pretty quickly anyway because the minute somebody

16   puts your name into the system they find out.  It's way

17   better for us to find out from you than from them.

18              All right.  Ms. Connor, I do want you to know

19   I appreciate what you're doing here.  I don't just speak

20   for myself as a person but for the Court.  It's helpful

21   and I have every reason to believe it's going to go

22   fine, but if it doesn't, please let us know.

23              MS. CONNOR:  I will.

24              THE COURT:  All right then.  Anything further

25   for the Court?
```

9

```
 1              ALL:  No, your Honor.
 2              THE COURT:  I appreciate your work here,
 3    counsel, and your presentations.  Thank you.
 4              ALL:  Thank you.
 5              THE COURT:  We are in recess.
 6              (Adjourned at 3:30 p.m.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                    C E R T I F I C A T E

2

3          I, Diane M. Churas, do hereby certify that the

4    foregoing transcript is true and accurate to the best of

5    my knowledge, skill, ability and belief.

6

7

8    Submitted: 6/3/14            DIANE M. CHURAS, LCR, RPR, CRR
                                  LICENSED COURT REPORTER, NO. 16
9                                 STATE OF NEW HAMPSHIRE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```